812 F.2d 872
 ESTATE OF Eugene Lenny MARTINELLI, Rose Martinelli,
Administratrix, and Rose Martinelli, individually,
Appellants,
v.
UNITED STATES of America, DEPARTMENT OF the ARMY.
 No. 86-3530.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6)
Feb. 18, 1987.
Decided Feb. 27, 1987.
 
 Simon B. John, John & John, Uniontown, Pa., for appellants.
 J. Alan Johnson, U.S. Atty., Bonnie R. Schlueter, Asst. U.S. Atty., Pittsburgh, Pa., for appellee.
 Before SLOVITER and MANSMANN, Circuit Judges, and SCIRICA, District Judge*.
 OPINION OF THE COURT
 SLOVITER, Circuit Judge.
 
 I.
 
 1
 Appellant Rose Martinelli appeals from the district court dismissal of her Federal Tort Claims Act (FTCA) suit against the United States for damages for the death of her son allegedly caused by injuries received while serving as a member of the United States Army Reserves. The district court held that suit was barred as a matter of law because of the doctrine expressed in Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), that military servicemen may not sue the United States government under the FTCA for injuries arising during service in the military. This court has not previously considered the application of the Feres doctrine to military reservists. Our review over this issue is plenary.
 
 II.
 
 2
 In Feres, the Court gave several reasons for its preclusion of an FTCA suit alleging that negligence caused the death of a serviceman trapped in a barracks during a fire while on active duty. The Court referred to the availability of assured compensation, stating that because injured servicepersons may seek recovery under the Veterans' Benefits Act, 38 U.S.C. Secs. 301-363, a remedy under the FTCA is unnecessary. 340 U.S. at 144, 71 S.Ct. at 158. Martinelli argues that military reservists are different because no such relief is available to them. However, as the government points out, there is provision for such coverage because under the Veterans' Benefits Act reserve duty is expressly encompassed within "inactive duty training", 38 U.S.C. Sec. 101(23), and the statutory definition of veteran includes one who became disabled or died during a period of "inactive duty training". 38 U.S.C. Sec. 101(2), (24).
 
 
 3
 The Feres Court also noted that the FTCA imposed liability on the government only "in the same manner and to the same extent as a private individual under such circumstances." 340 U.S. at 141, 71 S.Ct. at 156 (quoting 28 U.S.C. Sec. 2674). The Court stated that there is no liability in the private sphere analogous to that asserted against the United States by or on behalf of a serviceman injured while on military duty. 340 U.S. at 141-42, 71 S.Ct. at 156-57. Based on this rationale, later cases have held that the Feres doctrine is based primarily on the effect of lawsuits on military effectiveness. Thus, in United States v. Brown, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139 (1954), the Court stated that the Feres doctrine was based on the "peculiar and special relationship of the soldier to his superiors, the effects of the maintenance of such suits on discipline, and the extreme results that might obtain if suits under the Tort Claims Act were allowed for negligent orders given or negligent acts committed in the course of military duty." Id. at 112, 75 S.Ct. at 143. More recently, in United States v. Shearer, 473 U.S. 52, 105 S.Ct. 3039, 87 L.Ed.2d 38 (1985), the Court again stated that the important focus in considering the applicability of the Feres doctrine is "whether the suit requires the civilian court to second guess military decisions." Id. at 3043. See also Chappell v. Wallace, 462 U.S. 296, 300, 103 S.Ct. 2362, 2365, 76 L.Ed.2d 586 (1983); Stencel Aero Engineering Corp. v. United States, 431 U.S. 666, 673, 97 S.Ct. 2054, 2058, 52 L.Ed.2d 665 (1977).
 
 
 4
 The allegation of Martinelli's complaint, which we must accept as true in the procedural posture of this case, is that Martinelli's son died as a result of exposure to noxious gases during his participation as a civilian reserve member in gas chamber exercises. Martinelli alleges the exercises were conducted negligently, carelessly and recklessly. In Jaffee v. United States, 663 F.2d 1226 (3d Cir.1981) (in banc), cert. denied, 456 U.S. 972, 402 S.Ct. 2234, 72 L.Ed.2d 845 (1982), this court held that Feres precluded recovery by a serviceman who developed cancer after what the complaint claimed was intentional exposure to radiation during a military exercise. Judge Higginbotham, writing for the majority, stated that suits for service injuries are prohibited because of "their effect on the willingness of military personnel to follow directions of their superiors" and because "[m]ilitary decisionmakers might not be willing to act as quickly and forcefully as is necessary ... if they know they will subsequently be called into a civilian court to answer for their actions." Id. at 1232. The rationale used by this court in Jaffee is equally applicable to Martinelli. Suits by reservists, albeit civilian, for injuries received while on reserve training in military exercises would have the same consequences.
 
 
 5
 Accordingly, we hold that the Feres doctrine bars FTCA suits by or on behalf of persons serving in the United States Military Reserves because the same rationale that precludes suits by or on behalf of servicepersons is equally applicable to reservists. Our decision is in accord with that of several other courts of appeals that have addressed the issue. See Mattos v. United States, 412 F.2d 793, 794 (9th Cir.1969) (per curiam) (court stated, without further discussion, that, "[t]he rationale of Feres applies with equal force to reservists."); United States v. Carroll, 369 F.2d 618, 620 (8th Cir.1966) ("[t]here is no doubt that the Feres decision applies also to reservists."); accord O'Brien v. United States, 192 F.2d 948 (8th Cir.1951); Layne v. United States, 295 F.2d 433, 434-36 (7th Cir.1961), cert. denied, 368 U.S. 990, 82 S.Ct. 605, 7 L.Ed.2d 527 (1962) (widow of Indiana National Guardsman fatally injured while on duty as part of Reserve not permitted to sue United States under FTCA because of Feres doctrine).
 
 
 6
 Martinelli argues that we should engage in a case-by-case review to ascertain if application of Feres is appropriate. However, in Jorden v. National Guard, 799 F.2d 99 (3d Cir.1986), we rejected the argument that Feres requires us to inquire in each case whether judicial review will unduly interfere with military operations. Instead, we reaffirmed our view, held as well by the majority of courts, that Feres is a per se bar of damage actions against the United States and military officers arising out of injuries to military personnel. Id. at 107-08. Contra United States v. Stanley, 786 F.2d 1490, 1499 (11th Cir.), cert. granted, --- U.S. ----, 107 S.Ct. 642, 93 L.Ed.2d 699 (1986).[1]
 
 
 7
 In rejecting plaintiff's appeal, we feel compelled to point out that attempts by members of this court to limit the Feres doctrine have been consistently unsuccessful. The panel opinion in Jaffee that would have held that Feres does not grant absolute immunity to military and civilian defendants when charged with intentional, unauthorized tortious conduct, see Jaffee v. United States, 663 F.2d at 1249 (Gibbons dissenting), was rejected by the court in banc. 663 F.2d at 1226. This court's opinion that the survivor of an off-duty serviceman could recover from the government for its negligent failure to prevent his murder by another off-duty serviceman was reversed by the Supreme Court in United States v. Shearer, 473 U.S. 52, 105 S.Ct. 3039, 87 L.Ed.2d 38 (1985), reversing 723 F.2d 1102 (3d Cir.1984). It is therefore evident that any relaxation in the Feres doctrine must come from Congress.
 
 
 8
 For the foregoing reasons, we will affirm the order dismissing the complaint.
 
 
 
 *
 Hon. Anthony J. Scirica, United States District Court for the Eastern District of Pennsylvania, sitting by designation
 
 
 [1]
 We find no error in the district court's rejection of appellant's argument that because her son did not die until three days after the completion of the military exercise, Feres does not apply. The district court stated, "[t]he determinative issue is not whether the serviceman is under the control or supervision of the military at the time of death, but rather whether the serviceman was under the control or supervision of the military at the time of the accident." App. at 58a