LOUGHNEY, Ann M., in her capacity as Guardian of the Estate of Francis J. Loughney, Incompetent, Ann M. Loughney, Ind. and Ann M. Loughney, in her capacity as Natural Guardian of Jeffrey Loughney, Megan Loughney and John Loughney, Minors, Appellant

v.

UNITED STATES of America, Department of the Army, Keller United States Army Community Hospital; Roberts, Lic. Donald M.D.; Robertson, Mason M.D.; Grote, Walter, M.D.; Bryan, Ltc., Garth O., French, Kathryn, R.N.

No. 87-5527.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Jan. 12, 1988.

Decided Feb. 18, 1988.

Rehearing Denied March 11, 1988.

Brian J. Cali, Dunmore, Pa., for appellant.

Bruce Brandler, U.S. Atty's Office, Scranton, Pa., for appellee.

Before HIGGINBOTHAM and BECKER, Circuit Judges, and SHAPIRO, District Judge.*

## OPINION OF THE COURT

A. LEON HIGGINBOTHAM, Jr., Circuit Judge.

This is an appeal from the final decision of the district court granting summary judgment to appellee the United States. The suit, brought on behalf of a member of the armed forces, alleges malpractice on the part of an Army doctor. We conclude that appellants' claim is barred by the doctrine established in *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). Therefore, we will affirm the judgment of the district court.

### I.

Appellant Ann Loughney ("Loughney") sued on behalf of her husband, Francis Loughney, who had been employed by the Pennsylvania National Guard as an Assistant Operations Sergeant. Sergeant Loughney was on Active Guard Reserve Duty Status with a battalion located in Scranton, Pennsylvania when he became ill on January 20, 1985. He complained of pain in his abdomen and was admitted to Keller United States Army Community Hospital ("Keller"). Upon the advice of Dr. Donald Roberts, an employee of the Army, Sergeant Loughney consented to surgery on January 21, 1985. Following surgery by Dr. Roberts, Sergeant Loughney suffered a postoperative respiratory arrest and went into a coma. He remains comatose.

On January 22, 1987, Ann Loughney, as guardian of the estate of her husband, filed a complaint against the United States of

* Honorable Norma L. Shapiro, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

America, the Department of the Army and numerous medical personnel employed at Keller. Loughney filed this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680 (1982) ("FTCA"), and alleged that the medical personnel named in the complaint were negligent in their diagnoses and treatment of her husband. The district court granted the United States's motion to dismiss the individual defendants, as is required by the Gonzales Act, 10 U.S.C. § 1089(a) (1982).[1] The district court then granted summary judgment to the United States based upon the *Feres* doctrine. *Loughney v. United States*, Civil No. 87–0084 (M.D.Pa. Aug. 26, 1987).

## II.

In *Feres*, the Supreme Court considered three consolidated claims of service members against the United States, two of which alleged medical malpractice by Army doctors. 340 U.S. at 137, 71 S.Ct. at 155. The Court decided that the FTCA, which established a limited waiver of sovereign immunity from suit, did not extend to "injuries to servicemen [or servicewomen] where the injuries arise out of or are in the course of activity incident to service." *Id.* at 146, 71 S.Ct. at 159. The Court based its holding primarily on two rationales: that it would be anomalous if the Government's duty to supervise service members depended on the local law of the various states, and that Congress had already provided for "no fault" compensation to service members through the Veterans' Administration. *Id.* at 142–46, 71 S.Ct. at 157–59. In subsequent cases, the Supreme Court articulated a third justification for the *Feres* rule:

> "[the] peculiar and special relationship of the soldier to his [or her] superiors, the effects of the maintenance of such suits on discipline, and the extreme results that might obtain if suits under the [FTCA] were allowed for negligent orders given or negligent acts committed in the course of military duty."

*United States v. Muniz*, 374 U.S. 150, 162, 83 S.Ct. 1850, 1857, 10 L.Ed.2d 805 (1963) (quoting *United States v. Brown*, 348 U.S. 110, 112, 75 S.Ct. 141, 143, 99 L.Ed. 139 (1954)); *accord United States v. Shearer*, 473 U.S. 52, 57, 105 S.Ct. 3039, 3043, 87 L.Ed.2d 38 (1985).

In this appeal, Loughney argues that the Supreme Court now considers the potential impact of litigation on military standards to be the primary justification for the *Feres* doctrine. She further maintains that *Shearer* stands for the proposition that each suit must be reviewed on a case-by-case basis to determine whether permitting recovery under the facts presented would so undermine military order and discipline as to justify the application of *Feres.* Loughney asks us to find that the district court erred in failing to conduct such an inquiry in this case.

We are sympathetic to Loughney's legal arguments,[2] and we are distressed by the tragic circumstances that gave rise to her suit. We do not, however, write on a clean

---

1. Loughney does not appeal this aspect of the district court's decision.

2. This Court has previously expressed its dissatisfaction with applying the *Feres* doctrine to cases of medical malpractice. *See Peluso v. United States*, 474 F.2d 605, 606 (3d Cir.1973) ("If the matter were open to us we would be receptive to appellants' argument that *Feres* should be reconsidered, and perhaps restricted to injuries occurring directly in the course of service."). Moreover, *Shearer* itself was a reversal of our opinion that the *Feres* doctrine did not apply to the injuries sustained in that case, which in our view were not incurred in the course of or incident to military service. *See Shearer v. United States*, 723 F.2d 1102, 1105 (3d Cir.1983), *rev'd*, 473 U.S. 52, 105 S.Ct. 3039, 87 L.Ed.2d 38 (1985). The facts of that case were

as tragic as those of the present case. The decedent (Mr. Shearer), on whose behalf the action was brought, was an Army private who was stationed in Texas. While Shearer was off-duty in New Mexico and not engaged in any military action, he was kidnapped at gun point and shot to death by an off-duty soldier. The assailant had a history of violence and had, only four months earlier, been released from prison for the murder of another person. Shearer's widow argued that the Army was negligent in failing to discharge the assailant and, alternatively, in failing to restrict him and warn other enlisted personnel of his violent propensities. The Supreme Court held that the rationale of *Feres* applied even though Shearer's death was not directly related to his military service.

slate. We, like the district court, are constrained by the decisions of the Supreme Court and must adhere to the view that Court has expressed.

In a recent decision, the Supreme Court rejected the very arguments that Loughney presents here. *United States v. Johnson,* — U.S. —, 107 S.Ct. 2063, 95 L.Ed.2d 648 (1987) (serviceman's claim barred despite fact that alleged tortfeasor not a member of the military). The Court reaffirmed each of the three rationales supporting the *Feres* doctrine and clearly instructed that *Feres* should be interpreted to "bar *all* suits on behalf of service members against the Government based upon service-related injuries." *Johnson,* — U.S. —, 107 S.Ct. at 2067 (emphasis added). *Johnson* confirms the correctness of our previous view that *Feres* prohibits any case-by-case inquiry into whether judicial review of a service member's tort claim would unduly interfere with military operations. *Estate of Martinelli v. United States,* 812 F.2d 872, 874 (3d Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 82, 98 L.Ed.2d 44 (1987). It is simply the military status of the claimant that is dispositive. Thus, since Sergeant Loughney was a "serviceman," and since his "injur[y] ar[o]se out of or [was] in the course of activity incident to service," *Feres,* 340 U.S. at 146, 71 S.Ct. at 159, his wife and guardian is barred from asserting a claim on her husband's behalf against the Government under the FTCA.

### III.

For the foregoing reasons, we will affirm the judgment of the district court.[3]

---

**3.** The district court believed it necessary to consider undisputed facts that were submitted pursuant to the motion, and therefore decided that summary judgment was appropriate. It appears that this matter could properly have been disposed of solely on the pleadings, and thus the proper course for the disposition of this case would have been for the district court to dismiss for lack of jurisdiction pursuant to Fed.R.Civ. P.

12(b)(1). When a court finds that a suit against the Federal Government is not within the scope of the FTCA due to the *Feres* doctrine, it must necessarily conclude that the United States has not waived sovereign immunity with respect to that suit. *See, e.g., Rayner v. United States,* 760 F.2d 1217, 1218 n. 2 (11th Cir.), *cert. denied,* 474 U.S. 851, 106 S.Ct. 149, 88 L.Ed.2d 123 (1985).