**Joseph OCELLO, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

**Civ. A. No. 87–4620.**

United States District Court,
D. New Jersey.

May 18, 1988.

---

John J. Mahoney, Berkeley Heights, N.J., for plaintiff.

Jeffrey D. Smith, Asst. U.S. Atty., Office of the U.S. Atty., D. New Jersey, Newark, N.J., for defendants.

## OPINION

SAROKIN, District Judge.

In this medical malpractice action involving armed forces physicians, defendants move to dismiss plaintiff's complaint or for summary judgment.

## INTRODUCTION

Membership in the armed forces gives rise to dangers not encountered in ordinary civilian life. There are numerous valid and practical reasons to immunize the government from liability for acts of those who are responsible for the safety and discipline of soldiers. Risks may be encountered because of the exigencies which exist in the world of the military. An officer should not be subject to liability to those who may be injured as the result of negligence in preparation for or participation in battle. The mere potential or existence of such suits might affect discipline.

However, how or why that immunity should extend to malpractice claims against military doctors, simply because their patients are members of the military, escapes logic and common sense—particularly if the doctor is a civilian employee. Absent battlefield conditions, there is no just reason why the government should be immune from liability for the acts of a government doctor when those acts would trigger liability if performed in private practice.

Those who volunteer their services to the defense of our country make numerous sacrifices and place their lives at risk. They reasonably may be expected to waive their rights to complain in court of injuries sustained in training or battle, but it is difficult to comprehend why their rights to expect competent medical attention, and to recover if they do not, are surrendered at the base entrance.

The precedent in this area is so clear, however, that this court has no choice but to follow it. The court notes that courts which have so ruled have taken some small comfort from the existence of procedures which allow for disability compensation in such instances. As will be discussed hereafter, even that minimal comfort does not appear to exist in this case. The New York Times recently reported charges that the Board of Veterans Appeals devotes 7.8 minutes to the average appeal. N.Y. Times, May 8, 1988, {1, at 21. Plaintiff's appeal in this case, as to the issue of medical malpractice, may not have even reached this minimal average.

## BACKGROUND

For the purposes of this motion, the court accepts the following facts as true.

Plaintiff Joseph Ocello served in training with the United States Marine Corps from April 15, 1982 to June 12, 1982. During that period, plaintiff suffered numerous fainting spells and consequently was treated by Drs. Egan, Brownlow, Gardner, Howell, Burton, Poston, and Harper (the individual defendants)—all employees of the U.S. Navy or Marine Corps. The individual defendants failed to find or diagnose a brain tumor existing at that time. The tumor was found at a later date and was surgically removed. As a consequence of the tumor and the surgery, plaintiff suffered severe neurological damage and is permanently disabled. If the individual defendants had located the tumor, it could have been removed with little damage to plaintiff's health.

Plaintiff sought Veterans Benefits for his disability but was denied recovery, ultimately by the Board of Veterans Appeals. Subsequently, plaintiff filed this action under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680, against the United States, the U.S. Marine Corps, the U.S. Navy, and the individual defendants.

## DISCUSSION

### A. *Defendant United States*

The government contends that plaintiff's claims are barred by *Feres v. United States,* which held that the Federal Tort Claims Act does not permit suits for "injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152 (1950).

Courts have routinely held that claims for medical malpractice occurring during plaintiff's military service and committed by military physicians are claims "incident to service in the armed forces" under *Feres.* The Third Circuit has recently but reluctantly reaffirmed that the *Feres* doctrine applies to claims for medical malpractice against military physicians. *See Loughney v. United States,* 839 F.2d 186, 187 & n. 2 (3d Cir.1988).

■ Plaintiff, acknowledging the validity of this general rule, contends that *Feres* is inapplicable to this case because the Veterans Administration denied his claim for disability benefits. The Supreme Court considered the existence of a scheme of statutory disability benefits as an "independent" rationale supporting the Feres restriction on Federal Torts Claims Act suits. *See United States v. Johnson,* —— U.S. ——, 107 S.Ct. 2063, 2068, 95 L.Ed.2d 648 (1987) (citing *Feres,* 340 U.S. at 140, 71 S.Ct. at 156). However, the unavailability of disability benefits in this particular case does not lift the *Feres* bar. In *Loughney,* the Third Circuit rejected a parallel argument with respect to a different rationale for *Feres*—that negligence suits against military personnel would undermine military order and discipline. The court held that whether or not a particular suit would undermine discipline is irrelevant to a determination of *Feres'* application—"It is simply the military status of the claimant that is dispositive." 839 F.2d at 188. Similarly, a case-by-case determination as to the availability of alternative statutory remedies is inappropriate. *Cf. Hall v. United States,* 528 F.Supp. 963, 965 n. 2 (D.N.J. 1981) (applying *Feres* despite an indication that plaintiff had been denied statutory relief), *aff'd,* 688 F.2d 821 (3d Cir.1982).

■ Plaintiff argues that the United States, by denying plaintiff's application for disability benefits, admitted that plaintiff's injuries were not related to his military service. By virtue of this admission, contends plaintiff, *Feres* is inapplicable. Plaintiff's contention, though understandable under these frustrating circumstances, fails. Plaintiff's Federal Tort Claims Act claims, *alleging* that his injuries were caused by malpractice, are plainly barred by *Feres. See, e.g., Loughney,* 839 F.2d at 187. The conclusion of the Board of Veterans Appeals that, *in fact,* plaintiff's injuries were not aggravated by any event occurring during the service—including the individual defendants' treatment—is not inconsistent with this application of *Feres.*

The court grants the motion of the defendant United States for dismissal of plaintiff's complaint.

### B. Defendants U.S. Marine Corps and U.S. Navy

■ The Federal Torts Claims Act provides a limited waiver of immunity for tort claims against the United States as a defendant. 28 U.S.C. § 1346(b). Congress has expressly indicated that this waiver does not permit suits against federal agencies. *See* 28 U.S.C. § 2679(a).

The court grants the motions of defendants U.S. Marine Corps and U.S. Navy to dismiss plaintiff's complaint.[1]

### C. Individual defendants

■ The Gonzalez Act, 10 U.S.C. § 1089(a), provides immunity to armed forces medical personnel for alleged medical malpractice committed within the scope of their duties or employment—plaintiff's exclusive remedy for such a claim is against the United States under the Federal Tort Claims Act. Furthermore, dismissal under this provision is required even if *Feres* bars plaintiff's statutory claims against the United States. *See, e.g., Loughney v. United States*, 839 F.2d 186, 187 & n. 1 (3d Cir.1988); *Hall v. United States*, 528 F.Supp. 963, 965 (D.N.J.1981), *aff'd*, 688 F.2d 821 (3d Cir.1982).

The court grants the individual defendants' motion to dismiss plaintiff's complaint.

### CONCLUSION

The court, following binding precedent, dismisses plaintiff's complaint as to all defendants.

Judicial voices more powerful than that of this court have expressed their dissatisfaction with the *Feres* doctrine. *See, e.g., United States v. Johnson*, — U.S. —, 107 S.Ct. 2063, 2071–76, 95 L.Ed.2d 648 (1987) (Scalia, J., dissenting, with Brennan, Marshall, and Stevens, JJ.); *Loughney v. United States*, 839 F.2d 186, 187 n. 2 (3d Cir.1988) (*citing Peluso v. United States*, 474 F.2d 605, 606 (3d Cir.1973)). The court, while concurring with these critics, finds that this matter raises a different but related concern.

Federal statutory law precludes this court from reviewing the decision of the Board of Veterans Appeals. 38 U.S.C. § 211(a). However, nothing prevents the court from commenting on the Board's treatment of plaintiff's claim for disability benefits.

The Board was required to determine whether plaintiff's injuries were contracted in the line of military duty or whether a previous injury was aggravated in the line of military duty. 38 U.S.C. § 331. The bulk of the Board's opinion denying plaintiff's claims discusses whether plaintiff's tumor arose during his brief stint in the service or whether the tumor was aggravated by the rigors of plaintiff's training activities. The only portion of the decision relating in any way to plaintiff's malpractice claim is as follows:

> We have considered the contention that more extensive studies should have been carried out in service. Nevertheless, we are required to render a decision based on the available evidence. A reasonable doubt that can be resolved in favor of the veteran has not been shown in this case.

The Board concluded its discussion by stating:

> The Board does not believe that there is medical complexity or controversy involved in this case such as to require the opinion of an independent medical expert outside the Veterans Administration. We also do not believe that other development is needed at this time in order to effectuate a fair and proper decision.

The court, having not reviewed the record before the Board, is in no position to determine whether its decision to reject plaintiff's contention as to malpractice was proper. However, the Board's decision, on its face, is troublesome in two respects. First, the Board offered no explanation for its rejection of plaintiff's contention; it simply suggested conclusorily that the "available" evidence did not support that contention. Second, the Board, after implying that further development of the record might prove fruitful, quickly reject-

---

1. Plaintiff offers no opposition to this aspect of defendants' motion.

ed such an option—again, with no explanation.

Plaintiff, without question, has suffered serious injury. If his allegations are credited, military physicians are responsible for this harm. As the court's ruling makes clear, plaintiff's only possible forum in which to pursue relief for this alleged wrong is before the Board. The Board, of course, is under no obligation to award benefits to every claimant. However, the Board, as the only available forum, must provide every individual with a meaningful opportunity to pursue his or her claim and, at a minimum, with an adequate explanation for its rulings. The Board's decision in this matter fails to provide such an explanation; this plain failure suggests that plaintiff may have been denied a meaningful opportunity to pursue his malpractice claim.

This court cannot determine whether the Board's treatment of this claim is representative of its general practice. If it is, then members of the service are being subjected to a decided disservice. They deserve better than plaintiff received in this case.

### ORDER

This matter having come before the court on defendants' motion to dismiss or for summary judgment; and the court having considered the written submissions and having heard oral argument; and for the reasons expressed in the accompanying opinion;

IT IS this 18th day of May, 1988, hereby

ORDERED that plaintiff's complaint is dismissed with prejudice.