**Carlos J. AVILES**

v.

**UNITED STATES of America, et al.**

**Civ. A. No. 87–4965.**

United States District Court,
E.D. Louisiana.

Oct. 6, 1988.

Lanny Zatzkis, New Orleans, La., for plaintiff.

Eileen Gleason Shaver, Asst. U.S. Atty., New Orleans, La., Elizabeth R. Moore, U.S. Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM OPINION

BEER, District Judge.

Carlos J. Aviles was a Yeoman Second Class in the United States Coast Guard. In mid-October 1986, he was tested for the Human Immunodeficiency Virus ("HIV")[1] during a mandatory Coast Guard physical examination. The test was positive, and resultingly, the Coast Guard compelled Mr. Aviles to retire with a 30% disability rating.[2] Members of the Coast Guard's New Orleans Support Center then disseminated news of this positive test result.

The plaintiff has sued numerous defendants including the United States[3] and the individual officers[4] who participated in the events leading to his forced retirement. The plaintiff alleges that these defendants (1) deprived him of his First, Fifth and Ninth Amendment rights, (2) violated his rights under the Rehabilitation Act, 29 U.S.C. § 794, (3) violated his rights under the Privacy Act, 5 U.S.C. § 552a, (4) committed the state law torts of invasion of privacy, infliction of emotional distress, negligence, and damage to reputation.

Aviles seeks equitable relief (a declaratory judgment and an injunction), $1.75 million in compensatory damages, and $3 million in punitive damages. He also seeks to recover court costs and attorneys' fees.

The defendants bring two separate motions to dismiss the plaintiff's cause of action under Fed.R.Civ.P. 12(b). First, the United States moves for a dismissal of the plaintiff's amended complaint for the following reasons:

1. because the amended complaint fails to state a claim upon which the court can grant relief;

2. because intramilitary immunity bars the claims for money damages;

3. because sovereign immunity bars the Federal Tort Claims Act ("FTCA") claims against the United States Department of Transportation ("DOT"), the United States Coast Guard, and DOT Secretary Burnley;

4. because the court lacks subject matter jurisdiction over the FTCA claims since the plaintiff did not file an administrative claim before bringing the present lawsuit;

5. because 28 U.S.C. § 2680(h) bars the FTCA claim for defamation;

6. because 28 U.S.C. § 2674 bars the punitive damage claims;

7. because the plaintiff lacks standing to invoke this court's equitable powers;

8. because the plaintiff cannot meet the prerequisites for equitable relief;

9. because the Rehabilitation Act, 29 U.S.C. §§ 791–794 is inapplicable to the Coast Guard;

10. because the Coast Guard's fitness-for-duty policies are not subject to judicial review.

Second, the Individual Defendants move for dismissal of the plaintiff's claims for the foregoing reasons, and for the following additional reasons:

---

**1.** HIV is believed to cause Acquired Immunodeficiency Syndrome ("AIDS").

**2.** The Coast Guard's action was in strict compliance with an official policy that mandates the retirement of personnel who test HIV positive. Under this policy, termination and assignment of a 30% disability rating is automatic regardless of the stage or effect of the HIV antibody's presence.

**3.** This Memorandum Opinion refers to defendants (1) the United States of America, (2) the United States Department of Transportation, (3) Secretary of Transportation Burnley (sued in his official capacity), and (4) the United States Coast Guard, collectively as the "United States."

**4.** This Memorandum Opinion refers to defendants Paul A. Yost, Peter J. Rots, Elmo J. Peters, Thomas J. Schaeffer, Douglas W. Alderman, Joel D. Sipes, Gary F. Rosenberg, Degardo Mercado, Michael F. Leonard, R.D. Mobely, Clyde T. Lusk, John E. Lindak, and Theresa O'Neill as the "Individual Defendants." Defendants John C. Hughes, Darryl K. Exom, Joyce Robinson, and Karen Bourgeois did not join in this motion to dismiss because the Department of Justice denied representation. This Memorandum Opinion refers to those defendants as the "Unrepresented Individual Defendants."

11. because the court lacks personal jurisdiction over Individual Defendants Yost, Lusk, O'Neill, Rosenberg, Mercado, Peters, Sipes, Lindak, and Mobley;

12. because there was insufficient process and service of process on those individuals;

13. because the plaintiff failed to effect proper service of process on those individuals within the time prescribed by Rule 4(j).

## I. *The United States' Motion to Dismiss*

### A. The *Feres* Doctrine

■ The plaintiff seeks to recover money damages from the United States under the Federal Tort Claims Act ("FTCA"). The United States, however, argues that it is immune from liability to the serviceman-plaintiff for his alleged damages.

Military personnel[5] cannot sue the United States under the FTCA for injuries "arising out of or in the course of activity incident to service"; the United States is absolutely immune from such damage suits. *Feres v. United States*, 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152 (1950); *see, e.g., United States v. Johnson*, 481 U.S. 681, 107 S.Ct. 2063, 2066, 95 L.Ed.2d 648 (1987) (reaffirming *Feres*); *United States v. Shearer*, 473 U.S. 52, 105 S.Ct. 3039, 3042, 87 L.Ed.2d 38 (1985) (applying *Feres*); *Cortez v. United States*, 854 F.2d 723 (5th Cir.1988). The *Feres* doctrine bars actions arising out of negligent and intentional torts. *E.g., Johnson*, 107 S.Ct. at 2067 (*"Feres* ... bar[s] *all* suits on behalf of service members against the Government based upon service-related injuries) (emphasis added); *Laswell v. Brown*, 683 F.2d 261, 265 (8th Cir.1982) ("there is no authority to support the view

that *Feres* protects the government from only ... negligence"); *Lewis v. United States*, 663 F.2d 889 (9th Cir.1981) ("The language of *Feres* itself does not support an effort to distinguish negligence from intentional torts."); *Broudy v. United States*, 661 F.2d 125, 127 n. 4 (9th Cir.1981) (*"Feres* ... does not distinguish between claims based on the alleged level of culpability of the tortfeasor ..."). Despite the plaintiff's contention, *Feres* also prohibits recovery of damages from the United States for civil rights torts, *Brown v. United States*, 739 F.2d 362 (8th Cir.1984), and constitutional torts, *e.g., In re "Agent Orange" Product Liability Litigation*, 818 F.2d 204, 209 (2d Cir.1987) (the *Feres* doctrine applies "to claims of constitutional infringement"); *Lombard v. United States*, 690 F.2d 215 (D.C. Cir.1982) (*Feres* applies to claims based upon constitutional grounds.); *Laswell*, 683 F.2d at 268 (same); *cf. Chappell v. Wallace*, 462 U.S. 296, 304, 103 S.Ct. 2362, 2367, 76 L.Ed.2d 586 (1983) (serviceman cannot maintain a *Bivens* action against the military for constitutional violations); *Trerice v. Pedersen*, 769 F.2d 1398, 1400–01 (9th Cir.1985) (same), just as it bars recovery for those torts resulting in personal injury.

The *Feres* doctrine applies here. Plaintiff's alleged injuries were "incident to" his service as a member of the Coast Guard. Both Aviles and the alleged tortfeasors were on active Coast Guard duty, and Aviles' alleged injuries resulted from a mandatory physical examination administered pursuant to official Coast Guard policy. Thus, *Feres* prevents him from recovering damages from the United States.[6]

Were this court to adjudicate the plaintiff's claim, it would be forced to "second-guess [the] military decisio[n]" to discharge HIV positive personnel. *See United States*

---

**5.** The plaintiff was a uniformed serviceman. The Coast Guard, though not within the Department of Defense, is clearly a "military service." 14 U.S.C. § 1; *United States v. Johnson*, 481 U.S. 681, 107 S.Ct. 2063, 2069 n. 12, 95 L.Ed.2d 648 (1987) ("The Coast Guard, of course, is a military service, and an important branch of the armed services.").

**6.** *Feres* and its progeny mandate this result notwithstanding that the plaintiff cannot look to a statutory benefit scheme for full compensation. *See Ocello v. U.S.*, 685 F.Supp. 100, 102 (D.N.J. 1988) (the unavailability of disability benefits ... does not lift the *Feres* bar); *Hall v. United States*, 528 F.Supp. 963, 965 n. 2 (D.N.J. 1981) (*Feres* applied despite that plaintiff had been denied statutory relief), *aff'd*, 688 F.2d 821 (3d Cir.1982).

*v. Shearer*, 473 U.S. 52, 57, 105 S.Ct. 3039, 3043, 87 L.Ed.2d 38 (1985); *Stencel Aero Engineering Corp. v. United States*, 431 U.S. 666, 97 S.Ct. 2054, 52 L.Ed.2d 665 (1977). While the rationale of the Coast Guard's HIV policy may be questionable, *Feres* flatly prohibits judicial inquiry in the context of a damage suit. Accordingly, the court must dismiss the plaintiff's FTCA claim against the United States for want of federal subject matter jurisdiction.[7] *E.g., Stauber v. Cline*, 837 F.2d 395 (9th Cir. 1988) (court has no subject matter jurisdiction over *Feres* barred FTCA claims); *Scales v. United States*, 685 F.2d 970 (5th Cir.1982) (same).

### B. Plaintiff's Standing to Seek Equitable Relief

As a result of the *Feres* bar, plaintiff's only remaining claims against the United States are those for equitable relief. Aviles asks this court to declare that "the policies, practices and acts complained of ... are illegal [in violation of the Rehabilitation Act] and unconstitutional." Plaintiff's Amended Complaint ¶ LXVIII(b) & (c). He seeks an injunction requiring the United States (1) to adopt a physical disability rating scale for HIV positive Coast Guard personnel similar to the Department of Defense's, and (2) to adopt policies to insure the privacy of HIV test results. *Id.* The United States, however, argues that plaintiff does not have standing to challenge the Coast Guard's practice because a favorable decision will not redress his injuries.

Fundamentally, a plaintiff has standing to seek equitable relief when he "has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy." *Sierra Club v. Morton*, 405 U.S. 727, 731, 92 S.Ct. 1361, 1364, 31 L.Ed.2d 636 (1972). *See generally* L. Tribe, *Constitutional Law* 107 (2d ed. 1988). To have a sufficient stake in a controversy, the plaintiff must show "inju-

ry to himself *that is likely to be redressed by a favorable decision.*" *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 38, 96 S.Ct. 1917, 1924, 48 L.Ed.2d 450 (1976) (emphasis added); *see, e.g., Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984); *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982); *Regents of University of California v. Bakke*, 438 U.S. 265, 98 S.Ct. 2733, 57 L.Ed.2d 750 (1978). The issue of standing is particularly crucial when, as here, the plaintiff asks the court to declare a law or practice unconstitutional. *Valley Forge*, 454 U.S. at 473–74, 102 S.Ct. at 759–60.

■ In the present suit, plaintiff clearly has suffered "injury to himself." The policies that he challenges under the Constitution and the Rehabilitation Act resulted in his forced retirement from the Coast Guard.

However, it is less clear whether a prospective decree consistent with Aviles' demand would affect him. Aviles petitions this court (1) to declare the Coast Guard's present HIV policy "illegal and unconstitutional" and, (2) to modify it through an injunction. This relief, if granted, would not affect the plaintiff at all. He is no longer in the Coast Guard. And, he asks this court neither to review his retirement, nor to reinstate him. Mr. Aviles states (in a memorandum—not in his amended complaint) only that he "has not ruled out reinstatement as a possibility," and would "consider the alternative." Plaintiff's Memorandum in Opposition to the Motion to Dismiss 25. Such equivocation does not suggest the necessary "likelihood" that any equitable relief would personally benefit the plaintiff.

The plaintiff argues that he has standing (at least on his Rehabilitation Act claim) because, among other reasons, "this litiga-

---

7. The court, therefore, need not reach the defendant's following contentions: (1) that 28 U.S.C. §§ 2675(a) & 2401(b) bar the plaintiff's FTCA claims for failure to present an administrative claim to the appropriate federal agency before filing the lawsuit, (2) that 28 U.S.C. § 2680(h) bars recovery of damages for defamation, and (3) that 28 U.S.C. § 2674 bars recovery of punitive damages from the United States.

tion will improve the quality of life of handicapped persons ..." *Id.* at 23. This is unpersuasive. Article III clearly requires more than a humanitarian interest in the outcome of litigation; it mandates a personal interest. Plaintiff has none, and, therefore, lacks standing. This court lacks the jurisdiction necessary to grant equitable relief, and thus must dismiss the plaintiff's equitable claims against the United States.[8]

## II. *Individual Defendants' Motion to Dismiss*

The plaintiff seeks to recover only money damages from the Individual Defendants and from the Unrepresented Individual Defendants.[9] He alleges that they (1) violated his constitutional rights, and (2) committed various state law torts.

### A. Constitutional Claims

■ The plaintiff asserts *Bivens* actions against the Individual Defendants and the Unrepresented Individual Defendants for allegedly violating his rights guaranteed by the due process and equal protection clauses of the Constitution. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (establishing an implied cause of action against federal officials and agents for effecting deprivations of federal constitutional rights). While *Bivens* authorizes damage suits against federal officials who violate the federal constitution, such a remedy is *not* available when "special factors counselling hesitation" are present. *Id.* at 396, 91 S.Ct. at 2005; *Chappell v. Wallace,* 462 U.S. 296, 299, 103 S.Ct. 2362, 2365, 76 L.Ed.2d 586 (1983); *Bush v. Lucas,* 462 U.S. 367, 378, 103 S.Ct.

2404, 2412, 76 L.Ed.2d 648 (1983); *see also Carlson v. Green,* 446 U.S. 14, 18, 100 S.Ct. 1468, 1471, 64 L.Ed.2d 15 (1980); *Davis v. Passman,* 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979).

One such "special factor" exists when a serviceman sues a *superior* officer for damages that "arise out of or are in the course of activity incident to service." *Chappell,* 462 U.S. at 304, 103 S.Ct. at 2368. *Chappell* flatly denied a *Bivens* remedy to minority servicemen who allegedly suffered discrimination at the hands of their superior officers. *Id.* at 297, 103 S.Ct. at 2364. The *Chappell* court reasoned that "the unique disciplinary structure of the Military Establishment and Congress' activity in the field," precluded holding the superior officers liable. *Id.* at 304, 103 S.Ct. at 2368.

Similar to the plaintiffs in *Chappell,* Aviles alleges that several superior officers effected his constitutional deprivations. Because these alleged deprivations arose "out of ... [an] activity incident to service,"[10] *Chappell* clearly bars his right to recover damages from those Individual Defendants and Unrepresented Individual Defendants who were his superiors. *Id.*

Plaintiff argues, however, that some of those individuals were not "acting in a supervisory position...." Plaintiff's Memorandum in Opposition to Motion to Dismiss 6. Therefore, he implies that *Chappell* does not apply. This argument, however, overlooks *United States v. Stanley,* —— U.S. ——, 107 S.Ct. 3054, 3063, 97 L.Ed.2d 550 (1987). In *Stanley,* the Court held that *Chappell* extends "beyond the situation in which an officer-subordinate relationship exists." *Id.* at 3063. In short, the *Bivens*

---

**8.** Aviles cites the Supreme Court's recent opinion in *Webster v. Doe,* —— U.S. ——, 108 S.Ct. 2047, 100 L.Ed.2d 632 (1988) to support his standing argument. Unlike the *Webster* plaintiff, Aviles does not seek equitable relief that would affect him personally. In *Webster* the former CIA agent *did* have standing to challenge the constitutionality of his homosexuality-based discharge. But that plaintiff sought, among other relief, "an injunction ordering petitioner to reinstate him to the position he held with the CIA prior to his dismissal." *Id.* at 2050.

**9.** Plaintiff's claims for equitable relief affect the named individuals only in their official capacity as officers or employees of the United States. Those claims address *governmental* not "individual" action. The real defendant in such official capacity claims is the United States. Therefore, this Memorandum Opinion previously addressed these as claims against the United States for equitable relief.

**10.** *See supra* section I.A. (discussion of "incident to service" requirement of *Feres* ).

"special factors" exclusion is now coextensive with "the exception to the FTCA established by *Feres* and *United States v. Johnson.*" *Id.* *Stanley* is dispositive; "no *Bivens* remedy is available for injuries that 'arise out of or are in the course of activity incident to service.'" *Id.*

Aviles' damages "arose out of ... activity incident to service."[11] *Chappell, Stanley* and *Feres* prohibit him from recovering damages from *any* of the Individual Defendants or Unrepresented Individual Defendants for the alleged deprivations of his constitutional rights. Therefore, the court must dismiss all of his constitutional claims against those individuals.

### B. State Law Claims

Because the court must dismiss all of plaintiff's federal constitutional claims, the only claims that remain are those for infliction of emotional distress, defamation, and invasion of privacy. These claims arise under state—not federal—law. Therefore, a source of federal subject matter jurisdiction other than 28 U.S.C. § 1331 is necessary.

None exists. Although pendent jurisdiction previously supported these state law claims, the court has since dismissed plaintiff's federal anchor claims for lack of federal subject matter jurisdiction. Therefore, the court believes that it would be inappropriate to retain jurisdiction over the nonfederal claims. *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). Furthermore, there is no complete diversity of citizenship among the parties; no diversity jurisdiction exists. *See* 28 U.S.C. § 1332; *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Finding no other

basis for federal subject matter jurisdiction, the court must dismiss the plaintiff's state law claims against all of the Individual Defendants and Unrepresented Individual Defendants.[12]

### ORDER

For the foregoing reasons, the court dismisses the plaintiff's damage claims against the United States under the *Feres* doctrine. The court dismisses the plaintiff's claims for equitable relief against the United States for lack of standing. The court dismisses the plaintiff's constitutional claims against the Individual Defendants and the Unrepresented Individual Defendants for lack of a *Bivens* remedy. And finally, the court dismisses the plaintiff's state law claims against the Individual Defendants and Unrepresented Individual Defendants for lack of federal subject matter jurisdiction.

The movants are ordered to prepare and submit an order of dismissal consistent with this minute entry.

---

11. *See supra* section I.A. (discussion of "incident to service" requirement of *Feres*).

12. The court, therefore, need not reach the defendant's following contentions: (1) that the court lacks personal jurisdiction over Individual Defendants Yost, Lusk, O'Neill, Rosenberg, Mercado, Peters, Sipes, Linkak, and Mobely, (2) that process and service of process on those individuals was defective, and (3) that plaintiff failed to effect proper service of process on those individuals within the time prescribed by Rule 4(j).