USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1620 RONALD L. BORDEN, Plaintiff, Appellant, v. VETERANS ADMINISTRATION, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Joseph L. Tauro, U.S. District Judge] ___________________ ____________________ Before Cyr, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ ____________________ Ronald L. Borden on brief pro se. ________________ Donald K. Stern, United States Attorney, Charlene A. Stawicki, ________________ _____________________ Special Assistant United States Attorney, and Mary Elizabeth Carmody, ______________________ Assistant United States Attorney, on brief for appellee. ____________________ December 8, 1994 ____________________ Per Curiam. This is an appeal from a district ___________ court order dismissing plaintiff's medical malpractice action brought under the Federal Tort Claims Act, 28 U.S.C. 2674 [FTCA]. The alleged malpractice involved treatment of a knee injury which plaintiff sustained while he was on active duty in the United States Army. The district court dismissed the complaint as barred by the Supreme Court's decision in Feres _____ v. United States, 340 U.S. 135 (1950), as well as by Hamilton _____________ ________ v. United States, 564 F. Supp. 1146, 1148 (D. Mass.), aff'd _____________ _____ per curiam, 719 F.2d 1 (1st Cir. 1983). In Feres the Court ___________ _____ held that the FTCA's limited waiver of sovereign immunity does not extend to "injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." Feres, 340 U.S. at 146.  _____ Plaintiff argues on appeal that the Feres doctrine _____ does not apply because: (1) he was "off duty," playing basketball, when he suffered his first knee injury, and (2) the medical care he received in military hospitals was rendered in part by civilian employees. A straightforward application of the "incident to service" test, however, depends on plaintiff's military status in relation to defendant's allegedly negligent provision of medical treatment. Accord Hata v. United States, 23 F.3d 230, 235 ______ ____ _____________ (9th Cir. 1994); Quintana v. United States, 997 F.2d 711 ________ ______________ (10th Cir. 1993); Kendrick v. United States, 877 F.2d 1201, ________ _____________ 2 1203 (4th Cir. 1989) (containing additional citations), cert. _____ dismissed, 493 U.S. 1065 (1990). Plaintiff was an active _________ servicemember who was entitled to medical treatment at a military hospital precisely because of his military status. Accordingly, his claim is barred regardless of the medical condition treated or the civilian status of the government employees who allegedly participated in it. See Loughney v. ___ ________ United States, 839 F.2d 186, 188 (3d Cir. 1988) (citing _____________ United States v. Johnson, 481 U.S. 681, 690-91 (1987)). _____________ _______ Plaintiff also argues that his tort claim should go forward because he believes that the compensation otherwise available to him is inadequate (he is currently receiving veteran's benefits), and his suit will not interfere with military discipline. In essence, he challenges the wisdom of the Feres doctrine. This court is fundamentally precluded _____ from deviating from the doctrine, which has been consistently, and recently, reaffirmed by the Supreme Court. See Johnson, 481 U.S. at 688-90 & n.5.  ___ _______ In light of this disposition, we need not address the other infirmities in plaintiff's complaint. Affirmed. ________ 3