**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 7 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

SAMUEL E. TOOTLE, II,

      Plaintiff-Appellant,

v.

USDB COMMANDANT;
COMMANDING OFFICER, Munson
Army Health Center; DIRECTOR
Munson Army Health Center,

      Defendants-Appellees.

No. 04-3018

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 03-CV-3147-GTV)

---

Submitted on the briefs:

Samuel E. Tootle, II, pro se.

---

Before **LUCERO** , **McKAY** , and **PORFILIO** , Circuit Judges.

---

**McKAY** , Circuit Judge.

---

      Samuel E. Tootle, II is a former military prisoner at the United States

Disciplinary Barracks at Fort Leavenworth, Kansas (USDB).  He appeals the

district court's dismissal, under *Feres v. United States*, 340 U.S. 135 (1950), and its progeny, of his claims that the defendants violated the Eighth Amendment by deliberately ignoring or being indifferent to his serious medical needs while he resided at USDB.[1]

In *Feres*, the Supreme Court held that members of the military cannot bring claims against the government under the Federal Tort Claims Act "where the injuries arise out of or are in the course of activity incident to service." 340 U.S. at 146. The *Feres* doctrine has since been expanded to bar claims for damages by members of the military for constitutional violations that occur in connection with their military service. *See United States v. Stanley*, 483 U.S. 669, 684 (1987); *Chappell v. Wallace*, 462 U.S. 296, 305 (1983). In *Ricks v. Nickels*, 295 F.3d 1124, 1132 (10th Cir. 2002), we held that the *Feres* doctrine barred claims of constitutional violations by a USDB prisoner, even though the prisoner had been discharged from the military, because the alleged injuries, incurred while serving a military-imposed sentence under military supervision in a military prison, nonetheless "stemmed from his military relationship such that it is incident to his military service." (internal quotations omitted).

---

[1]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Despite this precedent, Mr. Tootle attacks the district court's application of the *Feres* doctrine to bar his damage claims. He argues that the doctrine should not be applied to bar claims by dishonorably discharged prisoners, because changes in military regulations have vitiated *Feres'* rationale for denying a damage remedy to members of the military. Specifically, he contends that *Feres* relied on those military "systems of simple, certain, and uniform compensation for injuries or death," 340 U.S. at 144, that Congress, by legislation passed after *Feres*, has stripped from dishonorably discharged military prisoners like himself. *See, e.g.*, 38 U.S.C. § 105(b) (providing that a servicemember is not injured in the line of duty if the injury occurred while the servicemember was "confined under sentence of court-martial involving an unremitted dishonorable discharge"); 38 U.S.C. § 1968 (providing that coverage under servicemembers' group life insurance "shall cease . . . at the end of the thirty-first day of a continuous period of . . . confinement by military authorities under a courtmartial sentence."). Thus, Mr. Tootle reasons, because he is barred from benefitting from alternative remedies, he should not be constrained by the *Feres* doctrine. He also argues that allowing his claims will not unduly affect the military discipline process.

Mr. Tootle's arguments are essentially "special factors" analyses. In urging theses analyses, however, Mr. Tootle fails to recognize that the "incident to service" test has become the primary indicator of the applicability of the *Feres*

-3-

doctrine. *See Stanley*, 483 U.S. at 681-84; *Ricks*, 295 F.3d at 1129-30 (noting that the *Stanley* Court "effectively merged the 'special factors' analysis with the incident to service test"). The Supreme Court itself has indicated that the availability of alternative compensation systems is no longer a controlling *Feres* rationale. *United States v. Shearer*, 473 U.S. 52, 58 n.4 (1985). Rather than focusing on the presence or absence of the *Feres* rationales, then, the relevant question is whether Mr. Tootle's alleged injuries arose "incident to service." *Ricks*, 295 F.3d at 1130; *Walden v. Bartlett*, 840 F.2d 771, 774 (10th Cir. 1988). In similar circumstances in prior cases, we have answered that question in the affirmative. *Ricks*, 295 F.3d at 1132; *Walden*, 840 F.2d at 774.

Mr. Tootle also argues that applying the *Feres* doctrine to bar his claims violates his right to the equal protection of the laws. He may well have a point–jurists and commentators have indicated that the *Feres* doctrine is not compatible with principles of equal protection. *See Costo v. United States*, 248 F.3d 863, 870 (9th Cir. 2001) (Ferguson, J. dissenting) ("The doctrine effectively declares that the members of the United States military are not equal citizens, as their rights against their government are less than the rights of their fellow Americans."); *Persons v. United States*, 925 F.2d 292, 299 n.18 (9th Cir. 1991) ("Perhaps the most glaring anomaly of the doctrine in cases such as this is that, had the naval hospital negligently treated a civilian with no ties to the

-4-

military, then surely *Feres* could not bar her suit or her family's suit under the FTCA."); Mark G. Maser, Note, *Torts - Feres Doctrine - United States Court of Appeals Consistently Hold That Members Of The Armed Forces Are Barred From Bringing Suits Against The Government When Service Members Are Injured Incident To Military Sponsored Sports And Recreational Activities: Costo v. United States, 248 F.3d 863 (9th Cir. 2001) Cert. Denied Without Comment, 2002 U.S. LEXIS 223 (2002)*, 12 Seton Hall J. Sport L. 333, 359 (2002) ("[T]he Court has sent the message that, regardless of the fact that the cases that have applied the *Feres* Doctrine are irreconcilable, an individual can, based solely upon his status as a member of the armed forces, be proscribed from enjoying the same legal remedies as his civilian counterparts."); Michael I. Braverman, Comment, *Allowing Free Reign In The Military Establishment: Has The Court Allowed Too Much Deference Where Constitutional Rights Are At Stake? – United States v. Stanley*, 7 N.Y.L. Sch. J. Hum. R. 278, 304 (1989) ("The Court's holding in *Stanley* dealt a great blow to the Nation's established Constitutional policies that no State shall deny any person 'equal protection of the laws.'").

Notwithstanding potential equal protection concerns about the *Feres* doctrine, however, this panel is bound to follow the decisions of the Supreme Court and the published decisions of this court. *See Citizen Band Potawatomi Indian Tribe v. Okla. Tax Comm'n*, 969 F.2d 943, 948 (10th Cir. 1992) ("As the

district court is bound by our mandate, we of course are bound by the Supreme Court's mandate."); *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993) (per curiam) ("We cannot overrule the judgment of another panel of this court. We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court."). As recognized above, such precedent requires us to reject Mr. Tootle's arguments and apply the *Feres* doctrine to bar his *Bivens* claims for damages. *See Stanley*, 483 U.S. at 684; *Chappell*, 462 U.S. at 305; *Ricks*, 295 F.3d at 1132; *Walden*, 840 F.2d at 774.

The judgment of the district court is AFFIRMED.