**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 28, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JON B. PURCELL, Personal
Representative of the Estate of
Jeremy Ross Purcell,

       Plaintiff - Appellant,

  v.

UNITED STATES OF AMERICA,

       Defendant - Appellee,

and

JOHN DOES 1 THROUGH 100,

       Defendants.

No. 04-4309
(D.C. No. 04-CV-256-DS)
(D. Utah)

**ORDER AND JUDGMENT** [*]

Before **HARTZ**, **McKAY**, and **PORFILIO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Jon B. Purcell, as personal representative of the estate of his son, Jeremy Ross Purcell, appeals from a district court order dismissing his claims under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, as barred by the doctrine of *Feres v. United States*, 340 U.S. 135 (1950). We review the order de novo, *Ricks v. Nickels*, 295 F.3d 1124, 1127 (10th Cir. 2002), and affirm for the reasons explained below.

Jeremy Purcell, a member of the United States Marine Corps, was killed in an accident during a military training operation at Camp Pendleton, California. He was fatally wounded when a participant mistakenly used live ammunition for the blanks that were intended for the exercise. Plaintiff filed this action seeking redress for the alleged negligence of not only the particular participant using the live ammunition but also the Marine Corps for relying on individual marines to segregate, store, account for, and use the live and blank ammunition issued to them. The United States was substituted as a defendant pursuant to 28 U.S.C. § 2679(d)(1), and moved for dismissal under *Feres*, arguing that Jeremy's death "ar[o]se out of or [was] in the course of activity incident to service" and, thus, was not redressible. *Feres*, 340 U.S. at 146. S*ee generally Tootle v. USDB Commandant*, 390 F.3d 1280, 1281-82 (10th Cir. 2004) and cases cited therein.

The district court agreed and dismissed the FTCA claim against the United States for lack of subject matter jurisdiction. Following dismissal of the rest of the case and entry of judgment, plaintiff appealed the FTCA ruling.

Recent decisions have made it clear that the overarching question under *Feres* is whether the plaintiff's injury was "incident to service," regardless of the presence of any "special factors" potentially implicating or undermining the legal rationales historically advanced for the doctrine. *See Tootle*, 390 F.3d at 1282 ("Rather than focusing on the presence or absence of the *Feres* rationales, then, the relevant question is whether [plaintiff's] alleged injuries arose incident to service." (quotation omitted)); *Ricks*, 295 F.3d at 1130 (noting relevant case law has "effectively merged the 'special factors' analysis with the incident to service test"). The incident-to-service inquiry "'has broadened . . . to the point where it now encompasses, at a minimum, *all* injuries suffered by military personnel that are even remotely related to the individual's *status* as a member of the military.'" *Ricks*, 295 F.3d at 1128 (quoting *Pringle v. United States*, 208 F.3d 1220, 1223-24 (10th Cir. 2000) (further quotation omitted)). The accident at issue here, occurring in the course of military training exercises, clearly falls within the scope of the doctrine. *See, e.g.*, *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1492 (10th Cir. 1983); *Kitowski v. United States*, 931 F.2d 1526, 1530 (11th Cir. 1991); *Estate of Matinelli v. United States*, 812 F.2d 872, 873 (3d Cir. 1987).

Plaintiff sought to avoid that conclusion by advancing two distinct lines of argument. First, he insisted that the *Feres* doctrine be qualified in the same way that the intentional-tort exclusion of 28 U.S.C. § 2680(h) was in *Sheridan v. United States*, 487 U.S. 392 (1988), which allowed an FTCA claim even though the immediate cause of injury was an assault excluded by § 2680(h), because behind the immediate cause lay another proximate cause – supervisory negligence enabling the assault – not subject to the exclusion. *See* R. docs. 10 & 18. Second, plaintiff argued for abandonment of the doctrine, for reasons expressed by the dissent in *United States v. Johnson*, 481 U.S. 681, 692-703 (1987), as an unjustified judicial encroachment on the exclusive sphere of Congress, which did not include an incident-to-service principle among the list of exclusions in the FTCA. *See* R. docs. 1 & 18.

The district court rejected the first argument, holding *Sheridan*'s analysis of the intentional-tort exclusion inapposite to *Feres*' incident-to-service principle and noting that similar allegations of negligent military management leading to a service-related injury did not forestall application of the *Feres* doctrine in *United States v. Shearer*, 473 U.S. 52, 57-59 (1985). *See* R. doc. 21 at 3-4. We agree that *Sheridan* does not solve the *Feres* problem in this case. *Sheridan* turned on two joint points: (1) a given injury may be traced back to more than one type of tortious conduct, and (2) the exclusions in § 2680 are tort-specific, so that the

-4-

exclusion of one type of tort claim need not entail the exclusion of another. But the second point does not apply here. The *Feres* doctrine turns on the relationship of the plaintiff's injury to his or her military service, not the specific tort theory asserted to redress the injury. If it applies, it excepts the federal government from any liability " *under the FTCA.* "[1] *Ricks* , 295 F.3d 1127 (emphasis added); *see Tootle* , 390 F.3d at 1281; *Pringle* , 208 F.3d at 1223; *see also Bowen v. Oistead* , 125 F.3d 800, 804 (9th Cir. 1997) (" *Feres* bars intentional tort claims as well as simple negligence claims"); *Mackey v. United States* , 226 F.3d 773, 776 (6th Cir. 2000) (holding to same effect, collecting cases). Thus, there is no significance under *Feres* to the fact that a tort claim based on the negligence of the marine using live ammunition here may be augmented with another tort claim based on the military policy making that mistake possible: the latter claim, being equally "incident to service," is precluded for the same reason as the former.

Plaintiff's argument for abandonment of the *Feres* doctrine is misdirected at this court. "[O]nly the United States Supreme Court can overrule or modify *Feres* ." *Labash v. United States Dept of Army* , 668 F.2d 1153, 1156 (10th Cir. 1982). For the same reason, plaintiff's related constitutional challenge to the FTCA *as construed in Feres* is beyond our purview. *See Tootle* , 390 F.3d at

_____

[1] *Feres* also applies to constitutional claims. *Tootle* , 390 F.3d at 1282-83; *Bowen* , 125 F.3d at 803 & n.2. We need not pursue the point further, however, as plaintiff has limited his appellate briefing to application of *Feres* to FTCA claims.

1282-83 (noting but not reaching constitutional concerns raised regarding *Feres* doctrine because panel was "bound to follow the decisions of the Supreme Court and the published decisions of this court"). We are constrained by controlling precedent to hold that the FTCA affords no remedy to those who, like plaintiff, have suffered even grievous personal loss incident to service in this country's military forces.

The judgment of the district court is AFFIRMED. Plaintiff's motion for leave to proceed on appeal in forma pauperis (IFP) is DENIED. [2]

Entered for the Court

John C. Porfilio
Circuit Judge

---

[2] Given plaintiff's financial declaration reflecting yearly income in excess of $45,000 and net assets over $45,000, he cannot qualify for waiver of fees and costs under the indigency standard governing IFP status under 28 U.S.C. § 1915. *See, e.g.*, *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601-02 (3d Cir. 1989); *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988); *United States v. Valdes*, 300 F. Supp.2d 82, 84 (D. D.C. 2004).