**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICARDO K. GONZALES,

      Petitioner-Appellant,

v.

THE JUDGE ADVOCATE GENERAL
OF THE UNITED STATES;
MELINDA DUNN, Staff Judge
Advocate for the 18th Airborne Corp.,
Fort Bragg, NC,

      Respondents-Appellees.

No. 05-3264

(D.C. No. 04-3453-RDR)
(D.Kan.)

**ORDER AND JUDGMENT** *

Before **BRISCOE, LUCERO,** and **MURPHY** , Circuit Judges.

Petitioner Ricardo Gonzales, a military prisoner appearing pro se, appeals

from the district court's order denying without prejudice his 28 U.S.C. § 2241

habeas petition. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

affirm.[**]

In August 2003 Gonzales was convicted by a military tribunal of charges Gonzales does not specify in his petition and sentenced to fifteen years' imprisonment. Gonzales' sentence was subsequently reduced by the convening authority to a term of twelve years in accordance with what Gonzales characterizes as "a mixed plea pre trial agreement that [he] accepted under duress . . . ." Petition at 2. Gonzales has appealed his conviction and sentence and is awaiting a ruling from the United States Army Court of Appeals.

On December 7, 2004, Gonzales filed a federal habeas petition claiming, in pertinent part, that the staff judge advocate in his case "deliberately withheld" relevant clemency documents from the convening authority. Accordingly, Gonzales requested an order from the federal district court directing that his military court proceedings be remanded to the convening authority with directions that Gonzales be afforded a complete review of his clemency matters. Gonzales' petition also alleged that the military charges against him were filed only after similar criminal charges were filed against him in federal district court in Georgia and dismissed without prejudice. Gonzales thus asked the federal district court to appoint civilian counsel to assist him in his effort to persuade the federal district

---

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

court in Georgia to amend its order of dismissal so that the previous criminal charges against him would be dismissed with prejudice. The district court dismissed Gonzales' petition without prejudice, and thus denied the relief requested in his petition.

Reviewing the district court's ruling de novo, see Bledsoe v. United States, 384 F.3d 1232, 1235 (10th Cir. 2004) (noting that de novo standard of review applies to order dismissing § 2241 habeas petition), we agree with the district court that Gonzales has failed to establish any entitlement to federal habeas relief. Generally speaking, our review of military court-martial proceedings is very limited, see Burns v. Wilson, 346 U.S. 137, 142 (1953), and exhaustion of military remedies is required before federal habeas relief may be granted. See Schlesinger v. Councilman, 420 U.S. 738, 758 (1975); Watson v. McCotter, 782 F.2d 143, 145 (10th Cir. 1986). Here, Gonzales concedes he has not exhausted his military remedies and that, in fact, his appeal is currently pending before the military courts. Although Gonzales expresses concern about the length of time it may take for his appeal to be decided by the military courts, and further asserts that his due process rights will be violated if relief is not granted by this court, we are not persuaded that any due process violation has yet occurred. See generally Harris v. Champion, 15 F.3d 1538, 1557 (10th Cir. 1994) (holding that inordinate delay in adjudicating a state defendant's direct criminal appeal could give rise to an independent due process violation and identifying factors to be considered).

Indeed, we agree with the district court that Gonzales "has demonstrated no persuasive or compelling reason for th[e federal] courts' intervention in the military court's review of [his] allegations of error." ROA, Doc. 16, at 2. As for Gonzales' request for the appointment of counsel to assist him in a federal criminal proceeding in the District of Georgia, we conclude that such request is more appropriately directed to the federal district court presiding over those proceedings.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

4