UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 SCHENCK(, HOFFMAN, and WALBURN
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Captain RICARDO K. GONZALES
 United States Army, Appellant

 ARMY 20030903

 Headquarters, XVIII Airborne Corps and Fort Bragg
 Patrick J. Parrish, Military Judge
 Colonel Mark A. Rivest, Staff Judge Advocate

For Appellant: Major Sean F. Mangan, JA (argued); Lieutenant Colonel
Steven C. Henricks, JA; Major Billy B. Ruhling, JA; Captain Ryan M. Suerth,
JA (on brief).

For Appellee: Captain Michael G. Pond, JA (argued); Colonel John W.
Miller, II, JA; Colonel John W. Miller, JA; Major Elizabeth Marotta, JA;
Captain Michael C. Friess, JA; Captain Michael G. Pond, JA (on brief).

 17 June 2008

 ---------------------------------
 SUMMARY DISPOSITION
 ---------------------------------

Per Curiam:

 Appellant attempted to collaterally attack his court-martial
conviction by filing a Writ of Habeas Corpus in the United States District
Court for the District of Kansas. On 15 February 2005, appellant filed in
federal court a “Motion to Notify the Court of Petitioner’s Declaration to
Exercise Article 69(b) of the UCMJ and Motion to Compel the Court to Issue
the Writ in the Interests of Judicial Economy;” and a “Motion to Declare
the Exercise of Article 69(b) of the UCMJ.” Appellant then stated his
intent “to withdraw from Articles 66 and 67 appellate review by the Army
Court of Criminal Appeals and the Court of Appeals for the Armed Forces.”

 Appellant further stated “Petitioner is withdrawing from military
appellate court jurisdiction and is exercising Article 69(b) of the UCMJ.
Under Article 69(b) and the provisions of Title 10, United States Code,
Section 869, petitioner will be applying to The Judge Advocate General of
the Army for relief.” After appellant’s district court petition was
dismissed without prejudice he appealed to the United States Court of
Appeals for the Tenth Circuit. Gonzales v. Cremin, 167 Fed. Appx. 10, 2006
U.S. App. LEXIS 505, * 1-2 (10th Cir. 9 Jan, 2006).

 The Tenth Circuit affirmed the lower court’s dismissal on 29 September
2005. Id. Despite his representations to the federal courts, appellant
did not, in fact, ever formally waive his appellate rights under Articles
66 and 67, UCMJ. We find appellant’s actions at best, misguided, and at
worse, intentionally misleading and manipulative. Although appellant’s
actions could arguably substantiate a finding of de facto waiver of his
right to review by this court, we decline to decide that his right to
review has been waived and, therefore, have reviewed his case pursuant to
Article 66, UCMJ.

 Appellant asserts numerous assignments of error. Two merit brief
discussion, but no relief. Appellant alleges his guilty pleas to willfully
damaging military property (the Specification of Charge IV), and willfully
and wrongfully damaging non-military property (the Specification of Charge
V), were improvident. The government, in its brief to this court, conceded
that appellant’s plea to willfully damaging military property was
improvident, recommending that this court affirm the lesser included
offense of wrongful damage to military property through neglect. With
regard to appellant’s plea to willfully damaging a personally-owned
motorcycle, the government conceded the plea was improvident and
recommended dismissing the charge. We heard oral argument on this issue.
We refuse to accept the government’s concessions and find appellant’s
pleas, as accepted by the military judge, provident.

 We find appellant’s admissions during his providency inquiry amply
support a finding of guilt. We do not, therefore, find a substantial basis
in law and fact for questioning his pleas. United States v. Adams, 63 M.J.
223, 226 (C.A.A.F. 2006) (citing United States v. Prater, 32 M.J. 433, 436
(C.M.A. 1991)).

 In spite of the clear admissions by appellant that he intentionally
damaged by fire a building, generator set and motorcycle, he now argues he
only specifically intended to burn his own truck. Therefore, he asserts
his admissions to damaging these other items are legally and factually
deficient. Appellant’s argument flies in the face of the facts admitted at
trial and the law.[1] Additionally, we view several of appellant’s
responses attempting to undercut his intentional actions to be an effort to
minimize his criminal liability.[2]

 Appellant also asserts the military judge improperly announced a
finding of guilty to Specification 1 of Additional Charge IV. We disagree.
 Even assuming error we do not find appellant was misled or that he
suffered material prejudice to a substantial right. In United States v.
Williams, 66 M.J. 101 (C.A.A.F. 2008), the accused, in accordance with a
pretrial agreement, entered pleas of guilty to three offenses. The
military judge accepted the pleas, entered guilty findings with respect to
two of the offenses, but omitted any finding as to one of the
specifications. There was no objection at trial or in any post-trial
processing. Our superior court concluded the accused was not prejudiced by
this omission.

 We have considered appellant’s remaining assignments of error, and the
voluminous Grostefon matters personally raised by appellant, and find them
to be without merit. Accordingly, the findings of guilty and the sentence
are affirmed.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court

-----------------------
( Senior Judge Schenck took final action on this case prior to her
retirement.
[1] We note, without deciding, that appellant’s admissions during his
providency inquiry may have supported a finding of guilt to a violation of
Article 126, UCMJ (arson), under the closely-related offense doctrine. See
United States v. Epps, 25 M.J. 319, 323 (C.M.A. 1987) (affirming guilty
plea to larceny because the providence inquiry established guilt to the
closely-related offense of receiving stolen property).

[2] It is a common reaction of an accused who tenders a guilty plea to
seek refuge in a variety of forms of rationalization designed to minimize
or temper the magnitude of his culpability. United States v. Young, 2 M.J.
472, 476-477 (C.M.R. 1975).